UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIANNA ASHLEIGH STEVENSON,

        Plaintiff,

  -against-

AVERY EARLS, DONALD MEADOWS, STARR ISLAND GROUP INC., ATLANTIC RECORDING CORPORATION

        Defendants.

Case No: 1:23-cv-10375-UA

## MOTION TO SEAL COMPLAINT

    Pro se Plaintiff Brianna Ashleigh Stevenson respectfully requests that this Court enter an order sealing Plaintiff's Complaint which was filed on November 24, 2023. Pursuant to Fed. R. Civ. P. 5.2(d), this Court may order that a filing be subject to seal within redaction. The Complaint and Jury Trial demand contain serious allegations of sexual assault and multiple references to the wife and children of Defendant Avery Earls. "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v Warner Communications, Inc.*, 435 US 589, 599, 98 S Ct 1306, 1312, 55 L Ed 2d 570 [1978]; *see also Bolden v Doe*, 22-CV-10555 (LTS), 2023 WL 2465529, at *4 [SDNY Feb. 21, 2023]. As a result of the severity of the allegations, and the potential impact that these allegations will have on all parties to the litigation, Plaintiff included, there is a reasonable likelihood that Plaintiff will face reprisals so severe that it will put Plaintiff's physical safety at risk. This is particularly true given the fact that Plaintiff has

named an extremely powerful record corporation in Atlantic Recording. Given these considerations, Plaintiff respectfully requests that the Court enter an Order sealing the Complaint.

Dated December 1, 2023

Brianna Ashleigh Stevenson

The motion to seal the complaint is denied without prejudice. The Court has taken seriously plaintiff's arguments and assertions, but there is a presumption in favor of public access and the Court does not believe that this presumption has been overcome on the present motion. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141-45 (2d Cir. 2016); *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) (explaining that "conclusory assertions of harm" are insufficient to overcome presumption of access).

However, access to the complaint has been temporarily limited to court users and case participants. Plaintiff has notified the Court that an attorney will enter an appearance on her behalf after the motion to seal is dealt with. Dkt. 3. The Court will keep access to the complaint limited until February 16, 2024, to give plaintiff or her attorney a chance to make a renewed sealing motion with additional detail. If no motion, showing good cause for sealing, is filed, the Court will unseal the complaint on February 17, 2024.

The Clerk of Court is directed to terminate Dkt. 2.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: January 19, 2024